UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Gavin Richard,<br>       Plaintiff,<br><br>v.<br><br>Google LLC and YouTube, LLC, et al.,<br>       Defendants. | Civil Action No.: _____<br><br>**Removed From:**<br>The First City Court of the City of New Orleans, Louisiana<br>Case No.: 2025-00027 |

### DEFENDANTS GOOGLE LLC AND YOUTUBE, LLC'S NOTICE OF REMOVAL

Defendants Google LLC ("*Google*") and YouTube, LLC ("*YouTube*") ("*Defendants*") hereby remove this action from the First City Court of the City of New Orleans, Louisiana ("*State Court*"), to the United States District Court for the Eastern District of Louisiana, on the basis of federal question jurisdiction and supplemental jurisdiction. *See* 28 U.S.C. §§ 1331, 1367(a), 1441(a), and 1446. The grounds for removal are as follows:

1. On January 3, 2025, Plaintiff Gavin Richard ("*Plaintiff*") filed a two-count Petition for Damages ("*Petition*") in the State Court concerning the alleged removal of videos and other restrictions placed on Plaintiff's channels on the YouTube video sharing platform for violating the YouTube Terms of Service. Plaintiff's Petition purports to assert federal claims for violation of his freedom of speech rights under the First Amendment and the Fourteenth Amendment to the United States Constitution (Count I) and for defamation (Count II). The Petition seeks damages and a ruling that Defendants' enforcement of their internal content moderation polices are unconstitutional.

2. Plaintiff's Petition names YouTube, LLC, and its parent company Google LLC, as Defendants.

3. Plaintiff's action was filed in the First City Court of the City of New Orleans, and is currently pending as Case No. 25-00027 (the "*State Court Action*").

1

4. In accordance with 28 U.S.C. § 1446(a) and Local Rule 3.2, the undersigned counsel attaches all available process, pleadings, orders, and other documents filed in the State Court Action, consisting of: the Petition (attached as **Exhibit A**); and the Citation issued to YouTube (attached as **Exhibit B**).

5. On February 4, 2025, YouTube was served by certified mail with a copy of the Citation and Petition at its corporate headquarters in San Bruno, California. On February 11, 2025, Google was served by certified mail with a copy of the Petition at its corporate headquarters in Mountain View, California, but was not served with a Citation.[1]

6. The Petition does not allege personal jurisdiction over YouTube or Google, and service on Google is insufficient. Nevertheless, given that the Petition is meritless and Plaintiff is contractually required to litigate his claims against Defendants in the courts of Santa Clara, California, Defendants make a limited appearance in removing this action and intend to move to transfer this action to the proper court (the Northern District of California) pursuant to 28 U.S.C. § 1404(a) and the YouTube Terms of Service, and intend to move to dismiss this action under Rule 12(b), with Defendants reserving their rights to dismiss based on all relevant bases.

7. According to the available State Court records, no proceedings have taken place in the State Court Action besides the filing of the Petition and issuance of the Citation(s).

8. Defendants remove this action to the United States District Court for the Eastern District of Louisiana, pursuant to 28 U.S.C. § 1441 on the grounds that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

---

[1] Plaintiff also purported to serve written discovery requests on both Google and YouTube, which were only served on YouTube, and regardless are premature and do not require a response pursuant to Fed. R. Civ. P. 26(d).

9. First, this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the express allegations and/or claims purportedly asserted in the Petition make this a civil action arising under the Constitution, laws or treaties of the United States. Specifically, Plaintiff purports to assert a claim for violations of the United States Constitution, namely, the First Amendment and Fourteenth Amendment. (Pet., Count I, ¶¶ 26-29.) Hence, this Court has subject matter jurisdiction.

10. Second, this Court has supplemental jurisdiction over Plaintiff's state law causes of action because they "are so related to" Plaintiff's claims under the United States Constitution that they "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

11. Accordingly, the Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331, and Defendants may remove this action to this Court pursuant to 28 U.S.C. § 1441.

12. This Notice of Removal is timely because it is filed within thirty (30) days after YouTube was served with the Citation and Petition (*i.e.*, before March 6, 2025). 28 U.S.C. § 1446(b)(1).

13. Neither YouTube nor Google have filed a responsive pleading nor motion in the State Court Action.

14. Defendants' initial deadline to respond to the Petition in this Court shall run for seven (7) days from the removal of this action, through and including February 21, 2025, unless otherwise extended by agreement of the parties or by the Court. Fed. R. Civ. P. 81(c)(2)(C).

15. Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the Eastern District of Louisiana is the proper venue for purposes of removing this action. The State Court Action was filed in the First City Court of the City of New Orleans, and that forum is embraced by this federal district.

16.     By removing the State Court Action to this Court, Defendants do not concede that this Court is ultimately the proper venue for this action, and reserve their rights to seek to transfer the action to the United States District Court for the Northern District of California.

17.     Pursuant to 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal will be served promptly upon Plaintiff and filed with the Clerk of the First City Court of the City of New Orleans, Louisiana.

18.     Defendants do not waive any defenses, counterclaims, rights to transfer or compel arbitration, or any other rights that may be available to them.

WHEREFORE, Defendants give notice that the State Court Action pending in the First City Court of the City of New Orleans has been removed from that court to this Court.

Respectfully submitted this 14th day of February, 2025.

**BRYAN CAVE LEIGHTON PAISNER LLP**

*/s/ Katelyn W. Harrell*
Katelyn W. Harrell
Louisiana Bar No. 35164
1201 W. Peachtree St. NW, 14th Floor
Atlanta, GA 30309
Tel: (404) 572-6600
Email: katelyn.harrell@bclplaw.com

*Attorneys for Google LLC and YouTube, LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 14, 2025, a true and correct copy of the foregoing **Defendants Google LLC and YouTube, LLC's Notice of Removal** was e-filed with the Court using the ECF System and was served on Plaintiff and Plaintiff's counsel of record via U.S. Mail and email, addressed as follows:

>Gavin M. Richard, Esq.
>The Law Offices of Gavin M. Richard, LLC
>1100 Poydras Street
>Suite 2900
>New Orleans, LA  70163
>Email: gavin@gmrichardlawoffice.com
>Email: gavinrichard@icloud.com
>Email: gavinrichard@me.com

>*/s/ Katelyn W. Harrell*
>Katelyn W. Harrell, Esq.