UNITED STATES DISTRICT COURT
EASTERN DISTICT OF LOUISIANA

| | |
|---|---|
| **GAVIN RICHARD** <br> **(PLAINTIFF)** | *CIVIL ACTION NO.: 2:25-cv-00327 <br> * <br> * **JUDGE- BRANDON S. LONG** <br> * <br> * **SECTION O** <br> * <br> * **Originally filed:** <br> * **First City Court of New Orleans, LA** |
| VS. | * Case No: 2025-00027 <br> * |
| **GOOGLE, LLC.,** <br> **YOUTUBE LLC, Et. Al** <br> **(DEFENDANTS)** | * <br> * <br> * |

**************************************************************************

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

**NOW INTO COURT** comes the plaintiff, Gavin M. Richard, who respectfully presents this Memorandum in Support of his Motion to Remand this matter back to First City Court of Orleans.

### INTRODUCTION

On or about January 11, 2025, the plaintiff filed suit against the defendants, YOUTUBE, LLC. & GOOGLE, LLC. On February 14, Defendants filed a notice of removal to the United States District Court of Louisiana civil action no. 2025, 2:25-cv-00327. Defendants bases the removal on federal jurisdiction over Plaintiff's constitutional claims pursuant to 28 U.S.C. §1331and it has supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. §1367 because state law claims are based on the same set of underlying facts and form part of the same case or controversy.  However, the plaintiff contests that the claims are based on Louisiana's Defamation and Free Speech claims.

### BACKGROUND

Plaintiff has several YouTube channels on the defendants' platforms, and has livestreamed his

information shows since 2020. Since that time, the defendants have wrongfully censored the plaintiff's channel with copyright strikes, blocked videos, videos removed, and cited for hate speech. The channel has also been targeted for "shadow banning", a process where subscribers are involuntarily unsubscribed from the channels, not given notifications when the channel goes live in spite of hitting the notification bell, and suspension for up to two weeks. The defendants also cited certain videos had been removed for violation of "YouTube's Hate Speech Policy".[1] Defendant has engaged in these continuous tortious tactics, and as such plaintiff has filed suit.

## ARGUMENT & LAW

The party that seeks to remove an action from state court bears the burden of establishing subject matter jurisdiction. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). Removal jurisdiction raises significant federalism concerns and therefore should be strictly construed. *Mulcahey v. Columbia Organic Chemicals Co., Inc.*, 29 F. 3d 148, 151 (4th Cir. 1994). Federal courts must resolve any doubts regarding federal jurisdiction in favor of remanding to the state court. *Id.*

Defendants argue in this Notice of Removal that the Petition is "meritless" and that the Plaintiff is contractually required to litigate the claims against the Defendants in the court of Santa Clara, California, claiming 28. U.S.C. 1404(a) and its Terms of Service.[2] This however is without merit. Pursuant to La. Civil Code of Procedure Art. 74, an action can be brought where the wrongful act occurred or where the damages were sustained. The plaintiff's claims were brough in First City Court because it was based off the damages where it was sustained.

---

[1] Plaintiff's Exhibit C.
[2] Defendants Google LLC and YouTube, LLC Notice of Removal, page 2; paragraph 6.

Louisiana Civil Code art. 2315 (A), provides that "every act whatever of man that causes to another obliges him by whose fault it happen to repair it." Again, plaintiff's claims fall under Louisiana state law. As such, this matter should be remanded to First City Court in New Orleans, Louisiana.

Louisiana R.S. 17:3399.31 states: (1) "Free speech and First Amendment protected expressive activities" include but are not limited to any lawful verbal or written means by which individuals or groups communicate ideas to one another, as provided by the First Amendment of the Constitution of the United States of America and by Article I, Section 7 of the Constitution of Louisiana, including all forms of peaceful assembly, lawful protest, speech, distribution of literature, carrying signs, and circulating petitions."

Louisiana R.S. 13:338 A.(1) provides that "Notwithstanding any provision of law to the contrary, upon the filing of a motion to stay by the defendant, the court shall stay the proceedings on a claim for defamation of character, libel, slander, or damage to reputation when the plaintiff is an alleged perpetrator of sexual misconduct against the defendant who is the alleged victim until such time as all civil or criminal investigations, administrative hearings, or any other hearing or legal proceeding regarding the allegations of sexual misconduct are complete and final."

Plaintiff's petition clearly states Louisiana claims concerning defamation of character, and any other damages applicable under state law. The defendants maintain that this court should have federal jurisdiction over these claims due to the Plaintiff's allegations for violation of his First and Fourteenth Amendment rights. The plaintiff intends to amend his petition and remove any claims under the First and Fourteenth Amendment and reflect that it would be brought under the laws of the state of Louisiana.

It should be important to note that given the lawsuit was filed in First City Court of Orleans, which has a cap limit as to damages in the amount of $25,000.00. Even if this matter were to remain in federal court, it would not even meet the statutory requirements of diversity jurisdiction found in 28 U.S.C. § 1332 if this matter stayed in federal court.

## CONCLUSION

Furthermore, plaintiff prays that this Honorable Court would concur with the plaintiff's Motion to Remand to First City Court of Orleans without further delay.

Respectfully submitted,

By: ___s/ Gavin M. Richard_____
    Gavin Richard, Bar Roll No. 35977
    The Law Offices of Gavin M. Richard, LLC.
    1100 Poydras Street, Ste. 2900
    Telephone: (225) 706-8449, ext. 210
    Facsimile: (225) 922-4550
    E-mail: gavinrichard@icloud.com
    Attorneys for the Plaintiff

## CERTIFICATE OF SERVICE

I do hereby certify that on this 5th day of March 2025, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the court's electronic filing system. I also certify that a copy of the foregoing will be sent to all non-CM/ECF participants by United States Mail, properly addressed and postage prepaid.

/s/ Gavin M. Richard.
Gavin M. Richard

**YOUTUBE**
Legal Support
YouTube (Google LLC)
901 Cherry Ave.
San Bruno, CA 94066

**<u>GOOGLE</u>**

1600 Amphitheatre Parkway
Mountain View, CA 94043