UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Gavin Richard,<br><br>    Plaintiff,<br><br>v.<br><br>Google LLC and YouTube, LLC, et al.,<br><br>    Defendants. | Civil Action: 2:25-cv-00327-BSL-JVM |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND**

Defendants Google LLC ("*Google*") and YouTube, LLC ("*YouTube*") (together, "*Defendants*") submit this Opposition to Plaintiff Gavin Richard's ("*Plaintiff*") corrected Motion for Remand (Dkt. 12, the "*Motion*").[1] It is indisputable that Plaintiff asserts a claim under the First Amendment to the United States Constitution. Hence, it is not a debatable issue that this Court has federal question subject matter jurisdiction under the U.S. Constitution and 28 U.S.C. § 1331. Defendants' removal to federal court was proper, and Plaintiff's meritless Motion must be denied.

**I.    RELEVANT BACKGROUND**

Count I of Plaintiff's two-count Petition for Damages ("*Petition*") purports to assert a federal claim for violation of his freedom of speech rights under the First Amendment and the Fourteenth Amendment to the United States Constitution. (Pet., Dkt. 2-1 at Count I.) Accordingly, Defendants properly removed this action from the First City Court of the City of New Orleans, Louisiana ("*City Court*") to this Federal District Court based on federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1441(a). (Dkt. 2, esp. ¶¶ 1, 8-9, 11-12.) The removal also relied

---

[1] Plaintiff's initial motion and first attempt to correct it did not comply with Local Rule 7.4. (*See* Dkt. 10 & 11 and Court's Feb. 27, 2025 and March 6, 2025 Deficiency Notices.) Defendants therefore respond to Plaintiff's corrected Motion and Brief (Dkt. 12 & 12-1).

1

on supplemental jurisdiction under 28 U.S.C. § 1367(a) because Count II purports to assert a state law defamation claim that is part of the same case or controversy as it is related to and based on the same facts as Plaintiff's Constitutional claim. (*Id.*, esp. ¶¶ 1, 10-11.)

The Petition is meritless, and Plaintiff is contractually required to litigate his claims against Defendants in the federal or state courts of Santa Clara, California, pursuant to the binding, mandatory forum-selection clause that Plaintiff agreed to in the YouTube Terms of Service ("**TOS**"). (*E.g.*, Dkt. 7-1 at §§ II-III.) Accordingly, Defendants promptly moved to transfer this action to the U.S. District Court for the Northern District of California and to stay this action pending this Court's transfer decision. (Dkt. 7 & 8.)

Plaintiff now seeks a remand to the City Court. In doing so, Plaintiff concedes that his Petition asserts a federal claim under the United States Constitution. (*See* Dkt. 12-1 at Intro. ("Defendants base[] the removal on federal jurisdiction over Plaintiff's constitutional claims pursuant to 28 U.S.C. § 1331 …") & 3 ("plaintiff intends to amend his petition and remove any claims under the First and Fourteenth Amendment …").) Nevertheless, Plaintiff, in trying to backtrack on this admission and plain truth, asserts an irrelevant argument against diversity jurisdiction and a hypothetical future amendment to his Petition which does not divest this Court of subject matter jurisdiction. (Dkt. 12, ¶ 4; Dkt. 12-1 at 4.) It is, however, undisputed that federal question jurisdiction exists here.

II.     **ARGUMENT**

A.      **This Court Has Federal Question Subject Matter Jurisdiction Over This Action.**

It is undisputed that Plaintiff's Petition purports to assert a claim under the United States Constitution. (Pet., Dkt. 2-1, at Count I.) Hence, it is not debatable that this Court has original "federal question" subject matter jurisdiction over this action under 28 U.S.C. § 1331. Therefore, removal was proper and the Court cannot remand this action to the City Court.

Article III, Section 2, Clause 1 of the United States Constitution provides: "The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties … under their Authority …." U.S. Const., Art. III, § 2, Cl. 2. "Federal question" subject matter jurisdiction is further codified in Title 28 of the United States Code, Section 1331: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Hence, it is an unassailable principle of law that a claim for violation of rights under the First Amendment or Fourteenth Amendment invokes the federal question subject matter jurisdiction of the federal courts. *See, e.g.*, *Bell v. Hood*, 327 U.S. 678, 681-82 (1946) (federal courts must entertain suits seeking recovery directly under U.S. Constitution or laws); *Butz v. Economu*, 438 U.S. 478, 504 (1978) (Supreme Court's "decision in *Bivens* established that a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts …."); *Google, Inc. v. Hood*, 822 F.3d 212, 221 (5th Cir. 2016) (claims alleging violation of First Amendment rights invoke federal question jurisdiction under § 1331); *Perry v. Bogalusa City Council*, 2012 WL 255776, *2 (E.D. La. Jan. 27, 2012) (Brown, J.) (denying motion to remand because district court had original federal question jurisdiction over case asserting Fourteenth Amendment claim); *Price v. LeBlanc,* No. 24-CV-00425, 2024 WL 4969151, *3 (W.D. La. Nov. 18, 2024), *adopted* 2024 WL 4965620 (W.D. La. Dec. 3, 2024) (refusing to remand case where plaintiff relied on First Amendment as basis for claims); *Villegas v. El Paso Indep. Sch. Dist.*, No. CIV.A.3:08-CV-234-KC, 2008 WL 5683481, *6 (W.D. Tex. Sept. 3, 2008) (same, where plaintiff sought recovery under Fourteenth Amendment: "in seeking relief under the Constitution, [plaintiff] allowed the instant case to be brought under the jurisdiction of the federal courts").

Plaintiff attempts to counter the existence of federal question jurisdiction with a series of irrelevant arguments, but the Court should still deny the Motion. Plaintiff's resort to 28 U.S.C. § 1332 and arguments against diversity jurisdiction are misguided. Even Plaintiff acknowledges this action was removed based on federal question jurisdiction, not diversity jurisdiction, so his arguments surrounding diversity are irrelevant. Because at least some of Plaintiff's alleged right to relief arises under the United States Constitution, the Court has subject matter jurisdiction. 28 U.S.C. §§ 1441(a), (c).

In sum, removal was proper here because the Petition seeks recovery under the United States Constitution.[2] No further inquiry is necessary.

**B.      Plaintiff Cannot Secure A Remand After Removal By Amending His Complaint.**

Plaintiff's irrelevant assertion that he might drop his federal claim(s) in the future also does not defeat this Court's jurisdiction. The Court must "'look[] at the claims in the state court petition as they existed at the time of removal when determining whether federal jurisdiction is present for purposes of removal.'" *Sheppard v. Liberty Mut. Ins. Co.*, 2017 WL 345563, *2 (E.D. La. Jan. 24, 2017) (Vance, J.) (quoting *Bouie v. Equistar Chems. LP*, 188 F.App'x 233, 238-39 (5th Cir. 2006)); *see also In re Carter*, 618 F.2d 1093, 1101 (5th Cir. 1980) (fundamental legal principle that existence of subject matter jurisdiction is determined by complaint at time of removal to federal court) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537-38 (1939)). As explained, the Petition undeniably included a claim arising under the U.S. Constitution at the time of removal.

Furthermore, Plaintiff has not amended his Petition, so the federal claim that was asserted at the time Defendants removed the case remains pending before this Court. Regardless, Plaintiff

---

[2] The Court also has supplemental jurisdiction because Plaintiff's defamation claim derives from the same facts and is so related to the Constitutional claim that it "form[s] part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a); *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 157 (1997).

4

cannot force a remand by amending his Petition now because a "plaintiff cannot rob the district court of subject matter jurisdiction by electing to amend away the grounds for federal jurisdiction." *In re Carter*, 618 F.2d at 1101 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938)). Instead, all amending the Petition would do is require this Court to decide whether to exercise its discretion to **retain its existing** jurisdiction over the state law claim(s). *Id.*; *see also Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996) (affirming refusal to remand; district court does not automatically lose subject matter jurisdiction when federal claims drop out of case and has discretion to keep remaining state law claims). That, however, is not an actual issue that is currently before the Court.

C.  **The City Court Is Not A Proper Forum For This Action.**

Finally, even if this Court were to be divested of federal question jurisdiction in the future **and** decide not to continue to exercise supplemental jurisdiction over Plaintiff's pendent state law claims, it would nevertheless be improper to remand this case to the City Court because it is not a proper forum for this action. Plaintiff's argument that the Louisiana Code of Civil Procedure permits bringing his action in the City Court ignores the facts. As explained in Defendants' Motion to Transfer, Plaintiff agreed to the YouTube TOS, his action arises directly out of and relates to the YouTube TOS and his use of YouTube, and he is therefore bound by the valid, enforceable and mandatory forum-selection clause requiring his claims be litigated in the federal or state courts of Santa Clara, California. (Dkt. 7-1 at §§ II & III.)

Federal courts throughout the country uphold and enforce this forum requirement of the YouTube TOS in an unbroken line of cases. (*Id.* at 5-7.) Enforcing the TOS's California forum-selection clause is also consistent with the treatment and enforcement of forum-selection clauses under Louisiana law. *See, e.g. Shelter Mut. Ins. Co. v. Rimkus Consulting Grp., Inc. of La.*, 2013-1977 (La. 7/1/14), 148 So. 3d 871, 882 (forum selection clauses are "*prima facie* valid and

5

generally enforceable", are protected by the right to freely contract, and are favored as a means of eliminating uncertainties about the location of litigation by identifying an acceptable forum to both parties); *Ameriprint, LLC v. Canon Fin. Servs., Inc.*, 21-110 (La. App. 5 Cir. 5/24/21), 2021 WL 2093824, *2-4 (rejecting argument concerning venue based on La. Code of Civil Proc. Art. 74 and enforcing New York forum-selection clause in parties' contract instead). Hence, regardless of whether Louisiana's state procedural rules may permit Plaintiff to have brought this action in the City Court, he contractually agreed not to do so, and must instead litigate in the appropriate California courts.

In sum, it is not proper to send this case back to the City Court. Even if there were not subject matter jurisdiction - which there is - the proper venue would still be in a California court. Hence, if at some point in the future this Court determined that it lacked jurisdiction, it should either transfer the case to the appropriate California court or properly dismiss the case.

### III.   CONCLUSION

For the foregoing reasons, this Court has subject matter jurisdiction and cannot remand this action to the City Court. The Court should therefore DENY Plaintiff's Motion for Remand.

Respectfully submitted this 11th day of March, 2025.

**BRYAN CAVE LEIGHTON PAISNER LLP**

*/s/ Katelyn W. Harrell*
Katelyn Harrell, Esq.
Louisiana Bar No. 35164
1201 W. Peachtree St. NW, 14th Floor
Atlanta, GA 30309
Tel: (404) 572-6600
Email: katelyn.harrell@bclplaw.com

*Attorneys for Google LLC and YouTube, LLC*