**UNITED STATES DISTRICT COURT**
**EASTERN DISTICT OF LOUISIANA**

| | |
|---|---|
| **GAVIN RICHARD** | **\*CIVIL ACTION NO.: 2:25-cv-00327** |
| **(PLAINTIFF)** | **\*** |
| | **\* Originally filed:** |
| | **\* First City Court of New Orleans, LA** |
| **VS.** | **\* Case No: 2025-00027** |
| | **\*** |
| **GOOGLE, LLC.,** | **\*** |
| **YOUTUBE LLC, Et. Al** | **\*** |
| **(DEFENDANTS)** | **\*** |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S OPPOSITION TO MOTION TO REMAND**

Plaintiff, Gavin M. Richard, by and as undersigned counsel hereby respectfully submits the following response to the defendants' , YouTube, LLC. & Google, LLC. opposition to motion to remand:

The defendants recently filed an opposition to the plaintiff's notion to remand to Orleans First City Court. Subsequently, the plaintiff filed a Motion to Remand this matter back to City Court, of which the defendants opposed.

A. *A forum selection clause should not be the sole determination as to whether the federal court has jurisdiction.*

Within their opposition, the defendants contended that due to a use of YouTube, the plaintiff agreed to the YouTube TOS and his action is subject to the mandatory forum-selection clause requiring it to be litigated in the federal or state courts of Santa Clara, California. However, this should not be an automatic removal to federal court, yet along to another state.

YouTube, LLC & Google, LLC, while based in the county of Santa Clara, California, does business through the world wide web. Federal courts have been evolving on the issues on personal jurisdiction in Internet cases in the United States. Courts have held that an out-of-state defendant

can be subjected to a state's jurisdiction based on long-arm statute through the "minimum contacts" precedent.[1]

Again, a plaintiff has discretion in which to bring a lawsuit. Pursuant to the La. Civil Code of Procedure, a plaintiff generally speaking  has the right to set forth where the proper venue is set as it relates to the transaction or occurrence. Moreover, a plaintiff has a right to amend his/her lawsuit, which has been upheld by local, state and federal courts because it is permitted by law. (***Please see Federal Rules of Civil Procedure 15, La. Civil Code of Procedure art. 1151-1156***.)

Defendant's claim that plaintiff's attempt to removal is based on a "future" attempt to amend the action is misleading. It is important to note that the defendants filed the Notice To Removal in less than a week after a copy of the petition was emailed to YouTube's Legal Support. The plaintiff had no opportunity to make an amendment at the present time once the Notice of Removal was given.

In _Chalos & Co., P.C. vs. Marine Managers, LTD_[2]., the court addressed the issue of the forum selection clause. The court held that in order to determine whether forum selection clause applies in specific tort claims, the Eighth Circuit had 1) whether the tort claims "ultimately depend on the existence of a contractual relationship between the parties"; (2) whether resolution of the tort claims "relates to the interpretation of the contract"; and (3) whether the tort claims "involve the same operative facts as a parallel claim for breach of contract."

---

[1] *Inset Systems, Inc. v. Instruction Set, 937 F.Supp. 161 (D. Conn. 1996). The court held that venue was proper based on the "minimum requirements" inherent in the concept of '"air play and substantial justice", in favor of a Connecticut plaintiff who sued a Massachusetts Corporation;*
*Maritz, Inc. vs. Cybergold, Inc., 957 F. Supp. 1328 (E.D. Mo. 1996); The court held that the Missouri's long arm statute could exercise personal jurisdiction over a non-resident defendant based on several factors. The court further stated that the defendant subjected itself to its jurisdiction based off of its advertisement of services and solicitation via the internet, a worldwide basis.*
[2] *Chalos & Co., P.C. v. Marine Managers, Ltd., CIV.A. 14-2441, 2015 WL 5093469, at \*4–5 (E.D. La. Aug. 28, 2015).*

In *Roby v. Corp. of Lloyd's*, the court determined "Before a court will enforce a forum selection clause, it must first determine "whether the clause applies to the type of claims asserted in the lawsuit." *Braspetro Oil Servs. Co. v. Modec (USA), Inc.,* 240 F. App'x 612, 616 (5th Cir.2007) (citing *Terra Int'l, Inc. v. Miss. Chem. Corp.,* 119 F.3d 688, 692 (8th Cir.1997)). The court "must look to the language of the parties' contract [ ] to determine which causes of action are governed by the forum selection clause[ ]." *Id.* (quoting *Marinechance Shipping, Ltd. v. Sebastian,* 143 F.3d 216, 222 (5th Cir.1998)). "[I]f the *substance* of the[ ] claims, stripped of their labels, does not fall within the scope of the [forum selection] clause [ ], the clause[ ] cannot apply." [3]

Google's actions are clearly a breach of state's public policy. Their actions in the original petition of *Texas vs. Google, LLC,*[4] *the* case highlights numerous violations on the part of Google and how they were subjugated to answer to the plaintiff states causes of action. The court held that the plaintiff states causes of action contained "Parens Patriae Standing" to bring state claims.[5] Furthermore, Louisiana courts have upheld that forum selections clauses, while generally not violative of public policy, they " "should be enforced in Louisiana unless the resisting party 'can clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid ... [or that] enforcement would contravene a strong public policy of the forum in which suit is brought.' "[6]

In conclusion, 28 U.S.C. § 1391 (b)(2) provides that a civil action may be brought in a venue would be proper a judicial district in which "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action

---

[3] *Roby v. Corp. of Lloyd's,* 996 F.2d 1353, 1361 (2d Cir.1993).
[4] *Plaintiff's Exhibit C (Texas vs. Google, LLC, F. Supp. 3d. 2025 WL 327318 (2025).*
[5] *Texas vs. Google, LLC.*
[6] *Universal Servs. & Associates, LLC v. Grundmeyer, 2022-0426, p. 7 (La.App. 4 Cir. 12/16/22); 354 So.3d 255, 260.*

is situated;"[7]. It is the plaintiff's contention that Google has subjugated themselves to the jurisdiction of the state based off of their actions.

**B.** ***The court's decision in determining a matter should be removed or remanded to state court should not concern whether the petition is meritless or not; but rather if it has subject matter jurisdiction.***

The defendants also assert that the petition is "meritless". The matters set before this court is not to determine whether the case is meritless or not. The matter that is set before this court is to determine whether it has subject matter jurisdiction over this case.

The law is clear that a matter shall be remanded to a state court "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, before final judgment." [8] The defendant's attempt to call this motion "meritless" and remove it to their home district is nothing more than attempt to bring this matter on their home territory. It is plaintiff's understanding that the defendants, YouTube, LLC. & Google, LLC., have had lawsuits filed against them even in small claims court in different states.

**CONCLUSION**

In the interest of justice, should the court allow the plaintiff to address those concerns regarding the pleadings of the petition to create any defects, it is the plaintiff's contention that remanding this matter to city court would be cured by an amendment. The defendants have availed themselves to the state of Louisiana's jurisdiction.

**WHEREFORE,** the plaintiff respectfully request that this Honorable Court would grant its MOTION TO REMAND, and deny the defendants NOTICE TO REMAND this matter to

---

[7] 28 U.S.C. § 1391 (b)(2)
[8] *28 U.S.C. §1447.*

federal court, as it clearly does not have subject matter jurisdiction, and not under a federal question since this is a state claim.

Respectfully submitted,

By:  ___s/ Gavin M. Richard_____

Gavin Richard, Bar Roll No. 35977
The Law Offices of Gavin M. Richard, LLC.
1100 Poydras Street, Ste. 2900
Telephone: (225) 706-8449, ext. 210
Facsimile: (225) 922-4550
E-mail: gavinrichard@icloud.com
Attorney for the Plaintiff

## CERTIFICATE OF SERVICE

I do hereby certify that on this 18th   day of March 2025, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent by operation of the court's electronic filing system.  I also certify that a copy of the foregoing will be sent to all non-CM/ECF participants by United States Mail, properly addressed and postage prepaid.

/s/ Gavin M. Richard.
Gavin M. Richard