UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GAVIN RICHARD                                                        CIVIL ACTION

VERSUS                                                               NO. 25-327

GOOGLE LLC, ET AL.                                                   SECTION "O"

ORDER AND REASONS

Before the Court is a Motion to Transfer[1] this matter to the Northern District of California filed by Defendants Google LLC and YouTube, LLC ("Defendants"). Plaintiff did not file a response to this motion. For the following reasons, the Court **GRANTS** Defendants' motion.

I. BACKGROUND

On January 3, 2025, Plaintiff filed a two-count Petition for Damages ("Petition") in the First City Court of the City of New Orleans, Louisiana ("City Court"), concerning alleged restrictions placed by Defendants on Plaintiff's YouTube channels and removal of certain of his videos for violating the YouTube Terms of Service.[2] Plaintiff alleges that Defendants "falsely flagged" his YouTube channels for copyright violations, hate speech, cyber bullying, and/or harassment, and that Defendants later placed a permanent "community guidelines warning" on Plaintiff's channel.[3] Plaintiff further alleges that YouTube "demonetized" his channel for violating the company's Community Guidelines prohibiting "harassment and

---

[1] ECF No. 7.
[2] ECF No. 2-1.
[3] *Id.* ¶¶ 13-15.

cyberbullying."[4] Plaintiff's Petition seeks damages and a ruling that Defendants' enforcement of their internal content moderation policies violates his freedom of speech and is therefore unconstitutional under the First and Fourteenth Amendments to the U.S. Constitution and Article I, Section 7 of the Louisiana Constitution.[5] The Petition also asserts a state law defamation claim.[6]

On February 14, 2025, Defendants filed a Notice of Removal pursuant to 28 U.S.C. § 1441.[7] Four days later, Defendants moved to transfer[8] this action to the U.S. District Court for the Northern District of California pursuant to the forum selection clause in YouTube's terms of service and to stay[9] the action pending the Court's transfer decision. Plaintiff did not file any opposition to the Motion to Transfer or Motion to Stay.

Plaintiff filed a Motion to Remand the case to City Court,[10] which Defendants opposed.[11] On August 15, 2025, this Court denied Plaintiff's Motion to Remand and held that the Court has federal question jurisdiction over the federal claim and supplemental jurisdiction over the state law claims.[12]

---

[4] *Id.* ¶¶ 19-21.
[5] *Id.* Count I. Plaintiff's Petition refers to the "Louisiana Seventh Amendment of the state constitution, which guarantees Freedom of Expression." *Id.* ¶ 26. The right to freedom of expression, however, is guaranteed at Article I, Section 7 of the Louisiana Constitution. *See* La. Const. art. I § 7 ("No law shall curtail or restrain the freedom of speech or of the press. Every person may speak, write, and publish his sentiments on any subject, but is responsible for abuse of that freedom.")
[6] *Id.* Count II.
[7] ECF No. 2.
[8] ECF No. 7.
[9] ECF No. 8.
[10] ECF No. 12.
[11] ECF No. 13.
[12] ECF No. 15.

The Court now considers Defendants' Motion to Transfer this matter to the Northern District of California.[13] Although Plaintiff did not file an opposition, Plaintiff did make arguments in opposition to the Motion to Transfer in his Motion to Remand and Reply.[14] The Court will consider Plaintiff's arguments in that briefing to the extent relevant here.

## II.   LEGAL STANDARD

Under 28 U.S.C. § 1404, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "[A] forum-selection clause may be enforced by a motion to transfer under § 1404(a)[.]" *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 52 (2013). "When a defendant files such a motion . . . a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Id.* Section 1404(a) "requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases.'" *Id.* at 59-60 (citation omitted).

Where the parties have agreed to a "mandatory, enforceable" forum selection clause, "the plaintiff's choice of forum 'merits no weight'" and the plaintiff "instead [] has the burden of establishing that § 1404(a) transfer or [forum non-conveniens] dismissal is unwarranted." *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 767 (5th Cir. 2016) (quoting *Atl. Marine Const.*, 571 U.S. at 63). Because the parties contracted

---

[13] ECF No. 7.
[14] *See* ECF Nos. 12, 14.

3

for a specific forum and waived the right to challenge their preselected forum, the court "should consider *only* public interest factors" and "should not consider the private-interest factors" when evaluating a plaintiff's transfer motion. *Id.* (emphasis in original). "Public-interest factors may include 'the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law.'" *Atl. Marine Const.*, 571 U.S. at 62 n.6 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 & n.6 (1981)). "Because those [public interest] factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.* at 64.

### III. ANALYSIS

Defendants seek to transfer this action pursuant to the express governing law and forum-selection clauses contained in YouTube's Terms of Service. Defendants' Motion to Transfer attaches the Declaration of Ariana Marte, a Legal Specialist at YouTube, LLC and Google LLC.[15] Ms. Marte states that "to create a YouTube channel, every user is required to accept the [Terms of Service]."[16] Ms. Marte also states that the current version and all past versions of the YouTube Terms of Service provide that the terms may be modified over time and that users agree to any such modifications by agreeing to use the YouTube "Service."[17] "Service" is defined to encompass "the YouTube platform and the products, services and features

---

[15] ECF No. 7-2 (Decl. Ariana Marte).
[16] *Id.* ¶ 6.
[17] *Id.* ¶ 7.

[Defendants] make available to [users] as part of the platform . . ."[18] Plaintiff does not dispute that he agreed to the Terms of Service by using YouTube's services and creating the YouTube channels at the center of his Petition.

Relevant here, the YouTube Terms of Service contain a governing law and forum selection clause that states:

> **Governing Law**
> All claims arising out of or relating to these terms or the Service will be governed by California law, except California's conflict of laws rules, and will be litigated exclusively in the federal or state courts of Santa Clara County, California, USA. You and YouTube consent to personal jurisdiction in those courts.[19]

Santa Clara County, California lies within the Northern District of California. 28 U.S.C. § 84(a).

In their Motion to Transfer, Defendants argue that Plaintiff's Petition reveals that (1) Plaintiff is a YouTube account holder who agreed to the Terms of Service; and (2) the basis of Plaintiff's claims involves his YouTube channel and a dispute surrounding Defendants' enforcement of the YouTube Terms of Service.[20] Defendants contend that Plaintiff's claims are therefore subject to the mandatory forum selection clause and that there are no extraordinary circumstances that would disfavor transfer.[21] In his Reply in support of his Motion to Remand, Plaintiff responds that the forum selection clause should not be enforced because Google's actions generally violate state public policy.[22]

---

[18] *Id.* ¶ 8.
[19] *Id.*
[20] ECF No. 7-1 at 5.
[21] *Id.* at 5, 7-8.
[22] ECF No. 14 at 3.

The Court concludes that Plaintiff's claims relate to YouTube's enforcement of its Terms of Service as to Plaintiff's channels and that Plaintiff's claims are therefore subject to the governing law and forum selection clause in YouTube's Terms of Service. YouTube's Terms of Service expressly state that "use of the Service is subject to these terms, the YouTube Community Guidelines and the Policy, Safety and Copyright Policies which may be updated from time to time (together, this 'Agreement')."[23] YouTube users are cautioned that if they "do not understand the Agreement, or do not accept any part of it, then [they] may not use the Service."[24] Plaintiff's Petition alleges that his channel was "demonetized for supposedly violating the company's 'Community Guidelines', citing 'Harassment'" and that a video was removed after he received a strike for "violating [YouTube's] 'harassment and cyberbullying' policy."[25] In other words, Plaintiff's claims directly relate to and arise out of YouTube's enforcement of its Terms of Service—terms to which Plaintiff agreed by using YouTube's platform.

Numerous courts have transferred similar cases arising out of YouTube's enforcement of its Terms of Service and forum selection clause. *See, e.g.*, *Mishiyev v. Youtube, LLC*, 2024 WL 4932773, at *2-3 (M.D. Fla. Dec. 2, 2024), *appeal dismissed*, 2025 WL 1190794 (11th Cir. Apr. 24, 2025) (plaintiff's claims subject to YouTube Terms of Service forum selection clause because claims related to YouTube's removal of the plaintiff's content due to alleged violations of the Terms of Service); *Trump v.*

---

[23] ECF No. 7-2 ¶ 6 (Decl. Ariana Marte).
[24] *Id.*
[25] ECF No. 2-1 ¶¶ 20-23.

6

*YouTube, LLC*, 2021 WL 8398892, at *8-10 (S.D. Fla. Oct. 6, 2021) (claims based on removing content and terminating user channels covered by the YouTube forum selection clause); *Muhammad v. YouTube, LLC*, 2019 WL 2338503, at *2-3 (M.D. La. June 3, 2019) (similar); *Alonso v. Google LLC*, 2023 WL 6313930, at *2-3 (M.D. Fla. Sept. 28, 2023) (similar). Nothing in this case mandates a different result.

The burden therefore shifts to Plaintiff to demonstrate that the public interest favors this Court hearing this case rather than the Northern District of California. *Atl. Marine*, 571 U.S. at 63-64. Plaintiff contends that the case should be heard in Louisiana because that is where he suffered damage.[26] Plaintiff also notes that he brings certain of his claims under Louisiana state law. [27]

In determining whether the public interest favors denying a motion to transfer, the Court considers "'the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law.'" *Atl. Marine*, 571 U.S. at 62 n.6 (citation omitted). But where, like here, there is a valid forum selection clause, the Court must give it "'controlling weight in all but the most exceptional cases'" and Plaintiff must show the public interest "overwhelmingly disfavor[s] a transfer." *Id.* at 60, 67 (citation omitted).

Plaintiff has not carried his heavy burden of showing that the public interest favors the Court retaining this case in this district. Plaintiff does not address any potential administrative difficulties involved in transferring this case to the Northern

---

[26] ECF No. 12-1 at 2; ECF No. 14 at 2-4.
[27] *Id.*

7

District of California. Nor does Plaintiff contend that this case presents a controversy of "local interest" that this Court is uniquely positioned to handle. In any event, Plaintiff's federal constitutional claim and state law claims challenge Defendants' actions pursuant to their Terms of Service, which Defendants enforce nationwide. Any public interest in keeping this case in this district does not outweigh the "'controlling weight'" of the forum selection clause in the Terms of Service. *Atl. Marine*, 571 U.S. at 63 (citation omitted). The Court accordingly holds that this case should be transferred to the Northern District of California pursuant to the Terms of Service forum selection clause and 28 U.S.C. § 1404(a).

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' motion[28] to transfer is **GRANTED**. The Clerk is directed to **TRANSFER** this case to the Northern District of California.

New Orleans, Louisiana, this 15th day of August, 2025.

*/s/ Brandon S. Long*
BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[28] ECF No. 7.